Moses C. Reynolds & another *vs.* Boston and Albany Railroad Company.

Essex.   November 9, 1876.   Colt, Devens & Lord, JJ., absent.

The fact that a railroad corporation, in the month of November, left a car containing perishable property upon the track of another railroad corporation, without making such delivery, to the latter, of the car, freight bill and expense voucher, as a reasonable usage and regulation between the two corporations required, and for that reason the latter corporation did not assume the actual custody of the car, but returned it to the track of the former, is sufficient evidence of negligence to charge the former corporation with subsequent injury to the property resulting from the weather.

Tort against a common carrier for the loss of a car load of apples, by freezing, while in the defendant's custody. Trial in the Superior Court, before *Pitman*, J., who allowed a bill of exceptions in substance as follows :

The apples were shipped at Oswego, New York, in good condition, consigned to the plaintiffs, at Salem, Massachusetts ; and came over the defendant's road from Albany to East Boston, where they arrived on November 26, 1873. The defendant's road connected at East Boston with the road of the Eastern Railroad Company, by which the car was to be transported to Salem. The car, while in the defendant's custody, and until its final arrival in Salem, bore a prominent placard, stating that the property was to go to Salem, that it was perishable, and that the car must not be detained.

The car containing the apples was, during the afternoon of November 26, delivered to the Eastern Railroad Company, at East Boston, by being placed on its track, in the usual course of business between the two railroads ; but the evidence introduced by the plaintiffs and the defendant respectively was conflicting as to whether the freight bill and expense voucher, which in the usual course of business were furnished, as well as the car, in order, as the plaintiffs contended, to put it in condition to be transported to Salem on that day, were furnished to the Eastern Railroad Company by the defendant in season for the transportation of the car to Salem on that day. The plaintiffs contended, and introduced evidence tending to show, that the car of apples was, late in the afternoon of November 26, and before

the apples had frozen, returned by the Eastern Railroad Company to the defendant's track, for the reason that the freight bill and expense voucher had not, up to that time, been furnished, and that the apples, after such return to the defendant's track, were frozen during the ensuing night. The plaintiffs did not contend that any other negligence existed on the part of the defendant except the delay in delivering the car, freight bill and voucher. The defendant, denying that the car was returned to its track on November 26, introduced evidence tending to show that, if returned, no notice was given to the defendant of such return, and that such return was without its knowledge; the plaintiffs put in no evidence of any notice to or knowledge of the defendant of such return.

The defendant requested the judge to instruct the jury as follows: "If the defendant delivered the car containing the apples (placarded as above) to the Eastern Railroad Company, and that company returned the same, without notice to the defendant, and left the same on the defendant's track, and while there it was exposed and frozen, without such notice, the defendant would not be liable for such injury, as caused by its negligence, in improperly exposing the apples to the weather; and, when the defendant delivered the car to the Eastern Railroad Company, that company became responsible for it, either as a common carrier or as a warehouseman, a liability which it could not escape by returning the car to the defendant's track, without notice to the defendant."

The judge declined so to rule; but instructed the jury, that if they found that there was a well settled custom and regulation between the two railroad corporations, by which such a car was not considered as delivered unless the freight bill and expense voucher were also delivered as well as the car, and such custom or regulation was reasonable, and that the car was not in a condition to forward to its destination without such freight bill and voucher, then the car was not to be regarded as delivered to the Eastern Railroad Company, unless such bill and voucher were also delivered, and if the defendant negligently failed to deliver such, in a reasonable time, then it might be liable; and gave other instructions upon other points, not excepted to. The jury returned a verdict for the plaintiffs; and the defendant alleged exceptions.

*G. S. Hale,* for the defendant.

*C. Sewall,* for the plaintiffs, was not called upon.

GRAY, C. J. The usage or regulation, which there was evidence tending to prove, that the freight bill and voucher for previous expenses should be delivered, together with the car, by one corporation to the other, was reasonable, for the convenience of further transportation and the collection of freight from the consignees.

The instructions given were correct and sufficient. If, as the jury must have found under those instructions, the defendant left the car upon the track of the Eastern Railroad Company, without making such delivery to that company of the car and the freight bill and voucher as was required, by a reasonable usage and regulation between the two corporations, to constitute a delivery from one to the other, and for that reason the Eastern Railroad Company did not assume the actual custody of the car, but returned it to the track of the defendant, there was sufficient evidence of negligence to charge the defendant with the injury to the plaintiffs' perishable property, by the effect of the weather which might reasonably be expected to prevail at that season of the year. *Exceptions overruled.*